UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PEDRO MENDEZ,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>BRUCE A. SPANNER,<br><br>　　　　　　Respondent. | NO.  4:16-cv-05016-JLQ<br><br>ORDER STRIKING DOCUMENT AS DUPLICATIVE, ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER TO DISMISS PETITION |

　　　BEFORE THE COURT is Magistrate Judge Rodgers' Report and Recommendation to dismiss the Petition.  ECF No. 6.  Petitioner, a prisoner at the Washington State Penitentiary, is proceeding *pro se* and has paid the $5.00 filing fee to commence this action. Respondent has not been served.

　　　On June 8, 2016, Petitioner electronically submitted a document titled "Pedro Mendez's Answer to Report And Recommendation, And To Amend Petition Replacing Bruce A. Spanner, To SHAWN P. SANT Prosecutor For Franklin County As A Proper Party." ECF No. 9.  This document consists of 30 pages, including an "Affidavit of Service By Mailing."  On June 13, 2016, Petitioner electronically submitted the identical document, although "SMJ" was scratched out of the case number and replaced with "JLQ."  ECF No. 10.  It was not necessary to submit the document a second time.

　　　Consequently, **IT IS ORDERED** the Clerk of Court shall **STRIKE** ECF No. 10, as duplicative.  The Court will liberally construe Petitioner's document as his

ORDER STRIKING DOCUMENT AS DUPLICATIVE, ORDER ADOPTING REPORT AND RECOMMENDATION AND ORDER TO DISMISS PETITION -- 1

"Objections," ECF No. 9, to the Report and Recommendation.

Petitioner's submission, however, is not responsive to the Report and Recommendation. As previously advised, a petitioner for habeas corpus relief must name the state officer having custody of him as the respondent to the petition. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). This person is typically is the warden of the facility in which the petitioner is incarcerated. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Therefore, Petitioner's request to replace the named Respondent with a county prosecuting attorney is frivolous.

The Court lacks personal jurisdiction over Respondent Judge Bruce A. Spanner, *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Although granted the opportunity to do so, Petitioner did not remedy this defect. Furthermore, Petitioner admits that he did not appeal his 1994 Franklin County conviction and sentence for multiple counts of murder to the state's highest court, which is a pre-requisite to federal habeas relief. *See O'Sullivan v. Boerkel*, 526 U.S. 838, 842-43 (1999).

Much of Petitioner's submission is copies of documents filed in state court, seeking his release. ECF No. 9 at 3-29. This is not responsive to the Report and Recommendation. Petitioner purposefully did not file an amended petition on the form provided by the Court. ECF No. 9 at 2.

Therefore, for the reasons set forth above and by Magistrate Judge Rodgers in both the Order to Amend, ECF No. 4, and the Report and Recommendation, ECF No. 6, **IT IS ORDERED** that the Report and Recommendation is **ADOPTED in its entirety** and the Petition, ECF No. 5, shall be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over Respondent.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment of dismissal of the Petition and the claims therein without

prejudice, forward a copy to Petitioner, and close the file. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 16th day of June 2016.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE